IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

Civil Action # 13CV11140-2

ERIC LEE

RECEIVED TIME 4:43
OCT 24 2013
CEO OFFICE
Process Server

Plaintiff

VS

DeKalb County Board Of Commissioners, Police Chief Cedric Alexander Officer Streeter

Defendant

# SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, or if service by publication within 60 days of judges order of publication, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 3 day of October, 20 13.

Debra DeBerry
Clerk of Superior Court
By: [signature]
Deputy Clerk

Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.



FILED

2013 OCT -3 PM 3: 18

CLERK OF SUPERIOR COURT
DEKALB COUNTY GA

IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| ERIC LEE, | § | |
| | § | |
| | § | |
| vs. | § | CIVIL CASE NO. 13CV11140-2 |
| | § | |
| | § | |
| DEKALB COUNTY BOARD OF COMMISSIONERS, POLICE CHIEF CEDRIC ALEXANDER, OFFICER STREETER | § § § § | JURY TRIAL DEMANDED |

**PLAINTIFF'S INITIAL COMPLAINT**

COMES NOW, PLAINTIFF, ERIC LEE (hereinafter referred to as "PLAINTIFF"), by and through her undersigned counsel and sues Defendant, CEDRIC ALEXANDER, in his official capacity as Police Chief of Dekalb County, Georgia (hereinafter referred to as "Defendant Chief"); THE COUNTY OF DEKALB, a county within the State of Georgia (hereinafter referred to as "Defendant DEKALB"); and Officer Streeter in his individual capacity (hereinafter referred to as "Defendant Streeter"). All Defendants will hereinafter collectively be referred to as "Defendants". Plaintiff Eric Lee brings both State tort and Federal Constitutional claims against the Defendants for false imprisonment, negligent hiring/retention, and violations of his 4th and 14th amendment rights through 42 U.S.C. § 1983.

**PARTIES**

1.

Plaintiff is presently a resident of Henry County, Georgia and at all material times herein was a residents of Henry County, Georgia within the Northern District of Georgia.

2.

Defendant Police Chief Alexander is being sued in his official capacity as Police Chief of Dekalb County Police Department and is responsible for the policies and conduct of its officers, including Defendant Streeter. Dekalb County Police Department is the law enforcement agency for Dekalb County, Georgia . A suit against Defendant Police Chief in his official capacity is a suit against the Dekalb County Police Department.

3.

Defendant Streeter is a police officer who is employed by Defendant Police Chief through the Dekalb County Police Department; works in relation to the Police Department; is over the age of 18 and on information and belief is a resident in or conducts business in Dekalb County, Georgia and is being sued in his individual capacity. Defendant Streeter was operating under the color of law at all times relevant to this cause of action.

4.

Defendant County of Dekalb is a county within the State of Georgia and through its law enforcement agency, the Dekalb County Police Department, is responsible for the policies and conduct of its' officers, including Defendant Streeter.

5.

All Defendants worked concurrent with, in connection with each other, and under the supervision of their individual employers at all relevant times to effectuate one purpose.

**VENUE AND JURISDICTION**

6.

This action is proper in the Superior Court of Dekalb County in that all acts and ommissions occurred within Dekalb County and Defendants are located within Dekalb County.

7.

Dekalb County Superior Court has jurisdiction over the State law claims.

8.

Dekalb County Superior Court has jurisdiction over the Federal claims through the supremacy clause of the United States Constitution.

9.

This is an action brought pursuant to 42 U.S.C. § 1983, which provides:

Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory . . . subjects or causes to be subjected any citizen of the United States or others person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or others proper proceeding for redress.

10.

All conditions precedent to the filing of this action have occurred, such as the ante-litem notice sent in December of 2011 to the Dekalb County Board of Commissioners, accrued, or have been waived as a matter of law.

**BACKGROUND**

11.

Plaintiff Lee is a business owner in Dekalb County Georgia.

12.

On or about September 6, 2011 Plaintiff Lee was arrested and charged with Loitering and Carrying a weapon in violation of the Georgia Concealed Carry Law.

13.

Plaintiff Lee was standing on his own private property next to his vehicle at the time he was approached by police on 6151 Covington Highway, Lithonia Georgia. Plaintiff Lee was getting ready to go home for the night.

14.

Plaintiff Lee attempted to explain to Officer Streeter that he owned the business and was attempting to disperse vagrants at the adjoining gas station at the time of Officer Streeter's arrival.

15.

Officer Streeter did not listen to Plaintiff Lee and instead charged Plaintiff Lee with "Loitering".

16.

Plaintiff Lee informed Officer Streeter that he was in possession of a lawfully owned firearm due to the fact that his store had been robbed on numerous occasions.

17.

Plaintiff Lee was standing next to his truck and was placing the firearm in plain view on the passenger seat next to his holster at the time of his encounter with police.

18.

Officer Streeter ran the serial number on the weapon and remarked to other officers on the scene that he believed the weapon would come back stolen.

19.

When the weapon did not come back stolen, Officer Streeter then remarked to other Officers in the area that he believed that Plaintiff Lee was a convicted felon and could then be charged with carrying the firearm.

20.

Plaintiff Lee's weapon was neither stolen nor is Plaintiff Lee a convicted felon.

21.

Plaintiff Lee has never been arrested before this current incident at issue.

22.

Plaintiff Lee possesses a valid Georgia concealed weapon permit.

23.

Plaintiff Lee was arrested by Officer Streeter for loitering and violation of the Georgia concealed weapon law.

24.

The charges against Plaintiff Lee were dropped by the State of Georgia.

25.

Defendants still retain the item for which Plaintiff Lee was wrongfully arrested and refuse to return this item to Plaintiff Lee.

26.

Plaintiff Lee attempted to make an internal affairs complaint in December of 2011 and to the Board of Commissioners in January of 2011. Both letters went ignored.

27.

As a direct and proximate result of the acts of Defendants, Plaintiff suffered the following injuries and damages:

a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person;
b. Loss of his physical liberty;
c. Intentional, offensive contact with his body; and
d. Fear of imminent peril resulting from an offer or attempt to injure him.

28.

The actions of Defendants violated the clearly established right of the Plaintiff to be free from unreasonable search and seizure.

**CLAIMS FOR RELIEF**

29.

The allegations set forth in paragraphs one through twenty-four are incorporated by reference herein.

30.

The fourth amendment prohibits the police from stopping and detaining a person unless they have reasonable, articulable suspicion that the person is violating the law. By stopping and detaining Mr. Lee for no legal reason and then searching his person on private property, and subsequently arresting him for possession of a firearm of which he was in legal possession, the Dekalb County police deprived Mr. Lee of his rights to be secure in his person and to be free from unreasonable search and seizure as protected by the fourth and fourteenth amendment of

the United States Constitution, as well as the Georgia Constitution Article I, Section I, Paragraph I, VII, and XIII.

31.

By detaining Mr. Lee without legal authority and with Malice and Oppression, Dekalb County Officer falsely imprisoned Mr. Lee in violation of O.C.G.A. 16-5-41 and 16-5-42.

32.

~~My intentionally making physical contact with Mr. Lee of a harmful and offensive nature, the Defendant committed battery against Mr. Lee in violation of O.C.G.A. 16-5-23.~~

33.

Dekalb County Police Department ratified/approved the actions of the Officer. Defendant Dekalb County Police Department was on notice that Defendant Officer Streeter may have a propensity of violating the civil rights of individuals through his internal affairs complaints yet they failed to provide proper training and continued to retain him on the department.

WHEREFORE THE PLAINTIFF PRAYS FOR THE FOLLOWING RELIEF:

a) Punitive and Compensatory Damages to be awarded against the above listed defendants in excess of $75,000.00;

b) Declaratory Judgment rendered in favor of the Plaintiff that his civil rights were violated;

c) Award of attorney fees;

d) Return of his lawfully owned property still held by the Dekalb County Police Chief;

e) Such other relief as this Court deems just and proper.

Respectfully Submitted this 27th day of Sept, 2013

Shannon D. Briley-Holmes
Attorney for Plaintiff
State Bar Number 447675

Diane

IN THE SUPERIOR COURT OF Dekalb COUNTY

STATE OF GEORGIA

FILED
2013 OCT -3 PM 3:18
CLERK OF SUPERIOR COURT
DEKALB COUNTY GA

Eric Lee,

Plaintiff,

vs.

Dekalb County, et al

Defendant.

CIVIL ACTION FILE NO. 13CV11140-2

**VERIFICATION**

PERSONALLY APPEARED before the undersigned officer, duly authorized by law to administer oaths, Eric Lee, who first having been sworn, deposes and states on oath that the within and foregoing **Complaint for Damages** is true and correct.

This 30 day of Sept, 2013

Eric Lee
Plaintiff

2013 OCT 25 AM 9:05

Sworn to and Subscribed before me this

30th day of September, 2013

[signature]

**NOTARY PUBLIC**

ALEXIS RAE HARRIS
NOTARY
EXPIRES
GEORGIA
PUBLIC
GWINNETT COUNTY